UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
UNITED STATES OF AMERICA                )
                                        )
        v.                              )        Criminal No. 05-0452 (PLF)
                                        )
GERRY D. MATHEWS,                       )
                                        )
            Defendant.                  )
_____ )


MEMORANDUM OPINION AND ORDER

Pending before the Court is the parties' Consent Motion to Modify August 15, 2011 Court Order as to Wage Garnishment and Monthly Restitution ("Consent Motion"), which was filed on March 16, 2015 [Dkt. No. 66]. As the title of the Consent Motion indicates, the parties seem to be conflating two distinct things: the wage garnishment that was imposed upon garnishee A.P. Mathews Heating & Air Conditioning by the Court's August 15, 2011 Disposition Order [Dkt. No. 27]; and Ms. Mathews' obligation to pay restitution as ordered in this Court's Judgment of June 20, 2006 in her criminal case ("Judgment") [Dkt. No. 12]. As such, the Consent Motion leaves it unclear whether, going forward, A.P. Mathews bears an obligation to pay garnished wages of $150 per month to the Clerk of the Court, or whether, instead, the only ongoing payment obligation is one that falls personally on Ms. Mathews. See Consent Motion ¶ 9(c). Similarly, it is not clear whether the wage garnishment arrearages accrued from October 2014 to February 18, 2015, which the parties intend to reduce to $150.00 per month *nunc pro tunc*, are to be paid in one lump sum by A.P. Mathews or by Ms. Mathews herself. See id. ¶ 9(a) and (b).

The Consent Motion also confuses the difference between a *condition of Supervised Release* placed on Ms. Mathews in June 2006 — which required her to pay restitution at a rate of $100 per month or at a rate to be established by the Probation Office — and the restitution order included in the Court's judgment that obligates her to pay a total of $312,260.09. Compare Judgment at 3 (setting forth conditions of Supervised Release), with id. at 4 (restitution order). As the Court emphasized during the recent hearing held in open court on February 18, 2015, the $100-per-month condition of Ms. Mathews' Supervised Release in no way absolved her of an obligation to pay the full amount of restitution. And, given the expiration of Ms. Mathews' term of Supervised Release, it is up to the Department of Justice to determine how it intends to pursue full payment of that obligation.[1]

If the parties mean to request that this Court set a payment schedule as an element of the restitution order by modifying the Judgment in this case, see 18 U.S.C. § 3664(k), they ought to make that request clear. Alternatively, if Paragraph 9(c) of their Consent Motion is intended to modify A.P. Mathews' payment obligation under the Court's August 15, 2011 Disposition Order, then the parties must make that intention clear by disentangling it from any discussion of a "monthly restitution payment."

With that said, the Court approves of the parties' agreement, represented in Paragraph 6 of the Consent Motion, regarding A.P. Mathews' duty to pay wage garnishment arrearages in the amount of $10,175.00, funds now held by sub-garnishee SunTrust Bank. Accordingly, the Court will enter the parties' accompanying Consent Judgment and Disposition Order [Dkt. No. 67] by separate order this same day.

---

[1] As a part of that effort and as discussed in open court on February 18, 2015, counsel will explore prior to the next hearing on May 7, 2015, how best to obtain the money in Ms. Mathews' 401(k) account and other monies owed to her by her former employer and the victim in this case, Fried Frank.

For the foregoing reasons, therefore, it is hereby

ORDERED that the parties' Consent Motion to Modify August 15, 2011 Court Order as to Wage Garnishment and Monthly Restitution [Dkt. No. 66] is GRANTED in part and DENIED in part; it is

FURTHER ORDERED that the Consent Motion is granted with respect to Paragraph 6, and denied in all other respects without prejudice to the parties' filing a revised consent motion or motions — one relating to garnishment and the other to restitution — addressing the concerns raised by the Court; and it is

FURTHER ORDERED that the parties shall file their revised consent motion or motions on or before April 27, 2015.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  April 10, 2015